**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

Case No. 14-CV-03067-VEB

HECTOR MANUEL VARGAS,

                Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

             Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In October of 2010, Plaintiff Hector Manuel Vargas applied for supplemental security income ("SSI") benefits and disability insurance benefits ("DIB") under the Social Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, represented by D. James Tree, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 8).

On January 5, 2015, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 25).

## II. BACKGROUND

The procedural history may be summarized as follows:

Plaintiff applied for SSI benefits and DIB on October 7, 2010, alleging disability beginning January 1, 2009. (T at 198-220).[1]  The applications were denied initially and on reconsideration and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On September 17, 2012, a hearing was held before ALJ Kimberly Boyce. (T at 37).  Plaintiff appeared with his attorney and testified. (T at 43-64). The ALJ also received testimony from Trevor Duncan, a vocational expert. (T at 64-73).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 11.

DECISION AND ORDER – VARGAS v COLVIN 14-CV-03067-VEB

On October 10, 2012, ALJ Boyce issued a written decision denying the applications for benefits and finding that Plaintiff was not disabled within the meaning of the Social Security Act. (T at 17-36).   The ALJ's decision became the Commissioner's final decision on March 27, 2014, when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

On May 22, 2014, Plaintiff, acting by and through his counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 4). The Commissioner interposed an Answer on July 28, 2014. (Docket No. 10).

Plaintiff filed a motion for summary judgment on November 3, 2014. (Docket No. 15).  The Commissioner moved for summary judgment on December 15, 2014. (Docket No. 20).  Plaintiff filed a reply memorandum of law on December 29, 2014. (Docket No. 23).

For the reasons set forth below, the Commissioner's motion is denied, Plaintiff's motion is granted, and this case is remanded for calculation of benefits.

DECISION AND ORDER – VARGAS v COLVIN 14-CV-03067-VEB

# III. DISCUSSION

## A.    Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§

404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2)  a "significant number of jobs exist in the national economy" that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.   Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989).

Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

DECISION AND ORDER – VARGAS v COLVIN 14-CV-03067-VEB

1    **C.    Commissioner's Decision**

2            The ALJ found that Plaintiff had not engaged in substantial gainful activity

3    since January 1, 2009, the alleged onset date, and met the insured status

4    requirements of the Social Security Act through December 31, 2013. (T at 22). The

5    ALJ determined that Plaintiff's right shoulder disorder/pain secondary to multiple

6    causes, osteoarthritis of the left wrist, depression, and anxiety were "severe"

7    impairments under the Act. (Tr. 22-24).

8            However, the ALJ concluded that Plaintiff did not have an impairment or

9    combination of impairments that met or medically equaled one of the impairments

10   set forth in the Listings. (T at 24-25).  The ALJ determined that Plaintiff retained the

11   residual functional capacity ("RFC") to perform light work as defined in 20 CFR §

12   416.967 (b). The ALJ found that Plaintiff was limited to occasional pushing and

13   pulling and reaching with the right upper extremity and could only occasionally

14   crawl or climb ladders, ropes or scaffolds. (T at 25-26). The ALJ determined that

15   Plaintiff should only have occasional contact with vibration and hazards, but could

16   perform work that is unskilled, routine, and repetitive, and he can have occasional

17   interaction with supervisors and can work in proximity to co-workers, but not in a

18   team or cooperative effort. (T at 25-26).

19

20

The ALJ concluded that Plaintiff could not perform his past relevant work as a cook, assembler, delivery driver, forklift operator, or meat cutter. (T at 30-31). However, considering Plaintiff's age (47 on the alleged onset date), education (high school), work experience, and RFC (light work, with limitations outlined above), the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 31-32).

As such, the ALJ concluded that Plaintiff had not been disabled, as defined under the Act, from January 1, 2009 (the alleged onset date), through October 10, 2012 (the date of the ALJ's decision) and was therefore not entitled to benefits. (Tr. 32). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (Tr. 1-7).

**D.    Plaintiff's Arguments**

Plaintiff contends that the Commissioner's decision should be reversed. He offers three (3) principal arguments in support of this position. First, Plaintiff argues that the ALJ erred by discounting the opinion of his treating and examining physicians. Second, Plaintiff challenges the ALJ's credibility determination. Third, he contends that the ALJ's step five analysis was flawed. This Court will address each argument in turn.

DECISION AND ORDER – VARGAS v COLVIN 14-CV-03067-VEB

### 1.        Treating/Examining Provider Opinion

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

"Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs. In other words, an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison*, 759 F.3d at 1012.

### a.    Dr. Bellum

In December of 2011, Dr. Venu Bellum, Plaintiff's treating physician, opined that Plaintiff could not sit for 6 hours in an 8-hour work day or sit for prolonged periods. (T at 398).  Dr. Bellum assessed that Plaintiff could lift a maximum of 10 pounds and frequently lift or carry 2 pounds. (T at 398).  He reported that Plaintiff's condition was expected to impair his work function for 6 months. (T at 398).

The ALJ afforded little weight to Dr. Bellum's assessment, finding it vague and inconsistent with the objective evidence (T at 30).  This Court finds the ALJ's assessment supported by substantial evidence.  First, Dr. Bellum provided a "checkbox" assessment that contains little explanation, detail, or support for the physician's findings.  The ALJ is not obliged to accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical findings." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).

Second, the ALJ's decision is supported by the opinion of non-examining State Agency review consultant Dr. William Backlund.  In June of 2011, Dr. Backlund opined that Plaintiff could occasionally lift 20 pounds, frequently lift 10 pounds, stand/walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. (T at 83).  Dr. Backlund found that Plaintiff would be limited in

pushing/pulling with his right upper extremity and could have some postural limitations. (T at 83-84).   In July of 2011, Dr. Norman Staley, another review consultant, affirmed these findings. (T at 127).   "The opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it." *See Henderson v. Astrue*, 634 F. Supp. 2d 1182, 1190 (E.D.W.A. 2009)(citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)).

Third, Plaintiff's activities of daily living were inconsistent with Dr. Bellum's restrictive findings.   Plaintiff worked out and lifted weights (T at 282, 288-89), walked his dogs, unloaded the dishwasher, and performed yardwork and household tasks. (T at 263, 271, 312, 497).   He reported a vigorous exercise regimen, including 25 pull-ups and 200 sit ups. (T at 388).

Fourth, the ALJ acted within her discretion in concluding that Dr. Bellum's restrictive findings were inconsistent with the treatment records, which included evidence that Plaintiff ambulated independently and with an appropriate gait (T at 282), had full range of motion in both shoulders (T at 392), and no decrease in shoulder strength. (T at 401).   Moreover, Dr. Bellum opined that Plaintiff was severely restricted with regard to standing, sitting, and walking, but Plaintiff did not allege any impairment with regard to these functions in his disability report. (T at

DECISION AND ORDER – VARGAS v COLVIN 14-CV-03067-VEB

241). This calls into question the care with which Dr. Bellum completed the "checkbox" assessment form.   A "discrepancy" between treatment notes and a medical opinion is "a clear and convincing reason for not relying on the doctor's opinion regarding" the claimant's limitations. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Plaintiff cites other record evidence (T at 340, 392-93) and argues that the ALJ should have weighed the evidence differently and resolved the conflict in favor of Dr. Bellum's opinion.   However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400.   If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's finding was supported by substantial evidence and should be sustained.   *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

DECISION AND ORDER – VARGAS v COLVIN 14-CV-03067-VEB

### b.    Mental Health Opinions

Dick Moen, a social worker, conducted a psychological/psychiatric evaluation in June of 2009.  Mr. Moen diagnosed Plaintiff with major depression (single episode), PTSD, and ADHD (inattentive type) (T at 305).  He assessed moderate limitations with regard to cognitive and social factors. (T at 306).  Mr. Moen noted that Plaintiff's depression and ADHD had not been controlled and found it "questionable" how long it would take to stabilize the symptoms to allow Plaintiff to work. (T at 307).  He described Plaintiff as "chronically mental[ly] ill." (T at 307).

Russell Anderson, a social worker, completed a psychological/psychiatric evaluation in December of 2009.  He diagnosed major depressive disorder, PTSD, and ADHD. (T at 312).  Mr. Anderson assigned a Global Assessment of Functioning ("GAF")[2] of 45 (T at 312), which is indicative of serious impairment in social, occupational or school functioning. *Onorato v. Astrue,* No. CV-11-0197, 2012 U.S. Dist. LEXIS 174777, at *11 n.3 (E.D.Wa. Dec. 7, 2012).  Mr. Anderson assessed marked limitations as to cognitive and social factors. (T at 313).  He opined that Plaintiff was "unable to work at the present time." (T at 313).  He believed Plaintiff

---

[2] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – VARGAS v COLVIN 14-CV-03067-VEB

might be able to return to work in a limited capacity "after protracted treatment." (T at 314).

In May of 2010, Christopher Clark, a mental health counselor, conducted a psychological/psychiatric evaluation. Mr. Clark diagnosed major depression, ADHD, and PTSD. (T at 320). He assessed marked limitations with respect to cognitive and social factors. (T at 321). Mr. Clark described Plaintiff as "seriously disturbed." (T at 322). He opined that Plaintiff needed "treatment for his agitation, poor mood functioning, and distractibility" before he could tolerate the pressures of a usual work environment. (T at 322). He assigned a GAF of 44. (T at 322).

In July of 2010, Harv Leavitt, MSW, a treating social worker, assessed dysphoric mood with anxiousness, family distress, and compulsive behaviors. (T at 345). He assigned a GAF score of 50 (T at 345), which is indicative of serious impairment in social, occupational or school functioning. *Onorato v. Astrue,* No. CV-11-0197, 2012 U.S. Dist. LEXIS 174777, at *11 n.3 (E.D.Wa. Dec. 7, 2012). Mr. Leavitt made similar findings in August of 2010. (T at 343).

In August of 2010, M. Gabriela Mondragon, a social worker, completed a psychological/psychiatric evaluation. She made the same diagnoses as the earlier evaluators. (T at 328). Ms. Mondragon assigned a GAF of 45 and found marked limitation as to cognitive and social factors. (T at 328-29). Although Ms.

DECISION AND ORDER – VARGAS v COLVIN 14-CV-03067-VEB

Mondragon believed Plaintiff could develop the skills necessary to participate in vocational training, she found that he would need treatment to obtain those skills. (T at 330).  She described Plaintiff as "seriously disturbed." (T at 331).

Mr. Clark conducted a second evaluation in February of 2011.  He diagnosed major depression (major, severe) and pain disorder. (T at 335).  He assigned a GAF score of 45 and assessed marked limitations as to cognitive and social factors. (T at 335-36).

Dr. Tae-Im Moon, an examining psychiatrist, completed an evaluation in January of 2012.  Dr. Moon diagnosed anxiety disorder, NOS, major depressive disorder (severe, recurrent), and personality disorder (NOS with passive-dependent features). (T at 369).  She assessed a GAF score of 45-50. (T at 369). Dr. Moon opined that Plaintiff may be able to return to work if he responded to medication and counseling. (T at 371).

The ALJ discounted all of the foregoing opinions.  (T at 29-30).  This Court finds that the ALJ's conclusion cannot be sustained.  First, the ALJ noted that Plaintiff's "mental health treatment has not been what one would expect for severely disabling mental health problems." (T at 28).  This was error under SSR 96-7p. Under that ruling, an ALJ must not draw an adverse inference from a claimant's failure to seek or pursue treatment "without first considering any explanations that

DECISION AND ORDER – VARGAS v COLVIN 14-CV-03067-VEB

the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." *Id.; see also Dean v. Astrue*, No. CV-08-3042, 2009 U.S. Dist. LEXIS 62789, at *14-15 (E.D. Wash. July 22, 2009)(noting that "the SSR regulations direct the ALJ to question a claimant at the administrative hearing to determine whether there are good reasons for not pursuing medical treatment in a consistent manner").

An ALJ's duty to develop the record in this regard is significant because there are valid reasons why a claimant might not pursue treatment. For example, "financial concerns [might] prevent the claimant from seeking treatment [or] . . . . the claimant [may] structure[] his daily activities so as to minimize symptoms to a tolerable level or eliminate them entirely." *Id.*

Here, the record clearly established that Plaintiff's finances impaired his ability to obtain treatment. (T at 56, 246). Mr. Anderson and Mr. Clark both noted that "access to health care" impaired Plaintiff's ability to cooperate with treatment. (T at 314, 323). Further, as a general matter, "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir.1996)(quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir.1989)). Here, there is evidence of impaired insight and judgment. (T at 309, 323).

DECISION AND ORDER – VARGAS v COLVIN 14-CV-03067-VEB

Second, the ALJ placed undue weight on Plaintiff's activities of daily living. Although the extent of those activities undermines Plaintiff's claims of disabling *physical* impairments, the activities do not contradict his mental health allegations. Recognizing that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," the Ninth Circuit has held that "[o]nly if [her] level of activity were inconsistent with [a claimant's] claimed limitations would these activities have any bearing on [her] credibility." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)(citations omitted); *see also Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . ., and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.")(cited with approval in *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014)).

Moreover, individuals with chronic mental health problems "commonly have their lives structured to minimize stress and reduce their signs and symptoms." *Courneya v. Colvin*, No. CV-12-5044, 2013 U.S. Dist. LEXIS 161332, at *13-14 (E.D.W.A. Nov. 12, 2013)(quoting 20 C.F.R. Pt. 404, Subp't P, App. 1 § 12.00(D)).

DECISION AND ORDER – VARGAS v COLVIN 14-CV-03067-VEB

Here, Plaintiff testified that he avoids others because he gets angry easily, has difficulty concentrating to complete tasks, and occasionally fails to eat. (T at 247, 259, 263, 268).

This Court is mindful that many of the opinions were rendered by "other sources."[3] However, "other source" opinions must be evaluated on the basis of their qualifications, whether their opinions are consistent with the record evidence, the evidence provided in support of their opinions and whether the other source is "has a specialty or area of expertise related to the individual's impairment." *See* SSR 06-03p, 20 CFR §§404.1513 (d), 416.913 (d).  The ALJ must give "germane reasons" before discounting an "other source" opinion. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

For the reasons outlined above, the ALJ's reasons for discounting the opinions (lack of treatment, inconsistency with daily activities) were not "germane." Moreover, the ALJ erred in discounting the opinion of Dr. Moon, an examining medical provider.  The ALJ found that Dr. Moon's opinion was inconsistent with her

---

[3] In evaluating a claim, the ALJ must consider evidence from the claimant's medical sources. 20 C.F.R. §§ 404.1512, 416.912. Medical sources are divided into two categories: "acceptable" and "not acceptable." 20 C.F.R. § 404.1502. Acceptable medical sources include licensed physicians and psychologists. 20 C.F.R. § 404.1502. Medical sources classified as "not acceptable" (also known as "other sources") include nurse practitioners, therapists, licensed clinical social workers, and chiropractors. SSR 06-03p.

DECISION AND ORDER – VARGAS v COLVIN 14-CV-03067-VEB

medical status findings. (T at 30).  The ALJ did not explain how Dr. Moon's opinion was inconsistent with her mental status exam.   A review of Dr. Moon's report contradicts the ALJ's conclusion.  Dr. Moon noted that Plaintiff appeared anxious, tense, and overwhelmed, with a tic under his eye. (T at 369).  His eye contact was limited at times and his mood was fearful, anxious, and constricted. (T at 371). These observations are not inconsistent with Dr. Moon's conclusions.

In sum, the ALJ discounted the opinion of every mental health professional who examined Plaintiff. For the reasons outlined above, this decision cannot be sustained.

### 2.        Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible

DECISION AND ORDER – VARGAS v COLVIN 14-CV-03067-VEB

and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, Plaintiff testified as follows:

He lives by himself in an apartment. (T at 43).  He performs light household chores and picks his grandson up from school nearly every day. (T at 44).  He babysits his grandson, helping him with homework, until the child's mother comes home from work. (T at 44).  He last worked in 2008 or 2009 as a maintenance person. (T at 47).  He was laid off from that job due to anger and concentration issues and is not sure he could perform the work now. (T at 48, 55).  Carpal tunnel and osteoarthritis pain limits his right hand gripping. (T at 52).  He has difficulty sleeping. (T at 56).  He frequently experiences feelings of anger and frustration. (T at 58, 62-63).  Difficulty focusing is also a chronic problem. (T at 58-59).  He has had suicidal thoughts. (T at 59).  He experiences pain in his shoulders and hands. (T at 60).  When asked why he was not working, Plaintiff cited his shoulder pain. (T at 61-62).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects were not credible to the extent alleged. (T at 27).  The ALJ's decision was flawed.

As with the decision to discount the mental health evidence, the ALJ cited the lack of mental health treatment and Plaintiff's activities of daily living as reasons for discounting Plaintiff's credibility.  These reasons were not sufficient.  Plaintiff's lack of mental health treatment was explained by his difficulties with access to health care.  His activities of daily living do not establish an ability to handle the mental demands of competitive, remunerative employment on a sustained basis.

In particular, Plaintiff's testimony regarding his frequent feelings of anger and frustration make it unlikely he could handle the stress demands of basic work activity.  Stress is "highly individualized" and a person with a mental health impairment "may have difficulty meeting the requirements of even so-called 'low-stress' jobs." SSR 85-15.  As such, the issue of stress must be carefully considered and "[a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment." *Id.*; *see also Perkins v. Astrue*, No. CV 12-0634, 2012 U.S. Dist. LEXIS 144871, at *5 (C.D.Ca. Oct. 5, 2012).

Moreover, the ALJ's erroneous decision to discount the mental health assessments impacted the decision to discount Plaintiff's credibility.  The ALJ concluded that "[m]ental status exam findings [were] inconsistent with disabling mental health issues." (T at 28).  In fact, as outlined above, the mental health

DECISION AND ORDER – VARGAS v COLVIN 14-CV-03067-VEB

assessments consistently documented marked limitations with regard to cognitive and social factors. (T at 313, 321, 328-29, 335-36).    Accordingly, the ALJ's credibility assessment was flawed and cannot be sustained.

### 3.    Step Five Analysis

At step five of the sequential evaluation, the burden is on the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot return to his previous job, the Commissioner must identify specific jobs existing in substantial numbers in the national economy that the claimant can perform. See *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995). The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995).

The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record. *Gamer v. Secretary of Health and Human Servs.*, 815 F.2d 1275, 1279 (9th Cir.1987).  "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a

DECISION AND ORDER – VARGAS v COLVIN 14-CV-03067-VEB

residual working capacity has no evidentiary value." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

Here, the ALJ's step five analysis was based on testimony from Trevor Duncan, a vocational expert. (T at 26). However, the hypotheticals presented to Mr. Duncan were incomplete and did not include the significant mental health limitations established by the record. As set forth above, the ALJ's decision to discount that evidence was not supported by substantial evidence and, thus, the step five analysis is likewise flawed.

## C.   Remand

This Court has discretion to remand a case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). An award of benefits may be directed where the record has been fully developed and where further administrative proceedings would serve no useful purpose. *Id*. Courts have remanded for an award of benefits where (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id*., *citing Rodriguez v. Bowen*, 876 F.2d 759,

DECISION AND ORDER – VARGAS v COLVIN 14-CV-03067-VEB

763 (9th Cir.1989); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989); *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1401 (9th Cir.1988).

In this case, as discussed above, the ALJ's reasons for discrediting Plaintiff's subjective symptom testimony and mental health opinions were legally insufficient. There are no outstanding issues and the record is fully developed. After crediting Plaintiff's testimony and considering the opinions of the examining mental health providers, a finding that Plaintiff is disabled is required. Therefore, the ALJ's decision must be reversed and the matter remanded for determination of benefits.

DECISION AND ORDER – VARGAS v COLVIN 14-CV-03067-VEB

1

**IV. ORDERS**

2

IT IS THEREFORE ORDERED that:

3

 Plaintiff's motion for summary judgment, Docket No. 15, is GRANTED.

4

 The Commissioner's motion for summary judgment, Docket No. 20, is

5

DENIED.

6

 This case is REMANDED for calculation of benefits.

7

 The District Court Executive is directed to file this Order, provide copies to

8

counsel, enter judgment in favor of Plaintiff, and close this case.

9

 DATED this 2nd day of February 2015.

10

11

         /s/Victor E. Bianchini
         VICTOR E. BIANCHINI

12

        UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

DECISION AND ORDER – VARGAS v COLVIN 14-CV-03067-VEB